JOHN L. STALEY\CBN 129624
Attorney at Law
16935 W. Bernardo Dr. Ste. 260
San Diego, CA 92127
Telephone: (858) 613-1047
Email: johnlstaley@aol.com

Attorney for Plaintiffs
ANDREW YAROS; DUO, LLC;
TRIO HYGIENE SYSTEMS, LLC

UNITED STATES DISRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW YAROS, an Individual; DUO, LLC, A Delaware Limited Liability Company; Trio Hygiene Systems, LLC., <br><br> Plaintiffs <br><br> v. <br><br> KIMBERLY CLARK CORPORATION, a Delaware Corporation, <br><br> Defendant. | Case No: **17CV1159 GPC BGS** <br><br> Complaint for Damages and Injunctive Relief for Trademark Infringement, and for Violations of California Business and Professions Code Sections 17200, 14245, and 17500 <br><br> Demand for Jury Trial |

Plaintiffs, ANDREW YAROS, DUO, LLC, and TRIO HYGIENE SYSTEMS, LLC. (hereinafter Plaintiffs), by their attorney, and for their complaint against Defendant, KIMBERLY CLARK CORPORATION, a Delaware corporation (hereinafter Defendant), allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. This is a complaint for trademark infringement, unfair competition, and false description arising under sections 32 and 43 of the Lanham Act, 15 U.S.C. sections 1114(1)

Complaint for Damages and
Injunctive Relief for Violation
of the Lanham Act                              1

(trademark infringement) and 1125, subdivision (a)(unfair competition and false description), and for violation of California state unfair competition law.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, subdivision (a), and 15 U.S.C. section 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. section 1338, subdivision (b), and 28 U.S.C. section 1367.

3. This Court has personal jurisdiction over the Defendant because it conducts business and sells their products throughout the State of California and in the County of San Diego. It is alleged the Defendant's sale of products in the County of San Diego is in the millions of dollars per year.

4. Venue is proper in this district under 28 U.S.C. section 1391, subdivision (a), because the Defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. section 1391, subdivisions (b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## II.

## THE PARTIES

5. Plaintiff ANDREW YAROS is an individual. He is the sole owner of plaintiffs DUO, LLC., and TRIO HYGIENE SYSTEMS, LLC. Plaintiff DUO, LLC is and at all times mentioned herein a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff DUO, LLC is doing business in the name of TRIO HYGIENE SYSTEMS, LLC, and has its principle place of business in California.

6. Upon information and belief, Defendant is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with it principal place of business in Dallas, Texas. The defendant is a multinational corporation with billions of dollars in sales worldwide. The Defendant engages in the business of selling disposable

Complaint for Damages and
Injunctive Relief for Violation
of the Lanham Act                                    2

wipes under the brand names of Cottonelle and Scott.

## III.

## FACTUAL BACKGROUND

7. Plaintiff YAROS created the mark "Better Together" during 2009. The mark was assigned to plaintiff DUO, LLC., on December 1, 2011. On January 14, 2014, Plaintiff YAROS was granted registration number 4,466,177, serial number 85-954,310 for the words and mark "Better Together" for disposable wipes impregnated with cleansing chemicals or compounds for personal hygiene; wipes impregnated with a cleaning preparation; and wipes impregnated with a skin cleanser in International Class: 3, by the United States Patent and Trademark Office (USPTO). The trademark registration is attached as Exhibit A and incorporated herein by reference. DUO, LLC. has been doing business in the name of TRIO HYGIENE SYSTEMS, LLC. Commencing February 2013, the plaintiffs distributed and sold disposable wipes throughout the country accompanied with the mark "BETTER TOGETHER."

## IV

**FIRST CAUSE OF ACTION AGAINST THE DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES FOR TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT; 15 U.S.C. SECTIONS 1114, SUBDIVISION (1) AND 1116.**

8. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 7.

9. Since June 28, 2013, Defendant has been selling disposable wipes using the trademark "BETTER TOGETHER." This wrongful use of the trademark "BETTER TOGETHER" comprises an infringement of Plaintiffs' registered trademark "BETTER TOGETHER" and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiffs' goods, and cause irreparable harm to Plaintiffs for which

there is no adequate remedy at law. The plaintiffs allege this wrongful use was willful, knowing, and intentional.

10. By reason of the foregoing acts, Defendant is liable for monetary damages to Plaintiffs for trademark infringement under 15 U.S.C. section 1114 and should be enjoined from further violations pursuant to 15 U.S.C. section 1116.

## V

### SECOND CAUSE OF ACTION AGAINST THE DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES FOR UNFAIR COMPETITION UNDER SECTION 43 OF THE LANHAM ACT; 15 U.S.C. SECTIONS 1116 AND 1125, SUBDIVISION (A).

11. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 10.

12. Defendant's use of Plaintiffs' mark to promote, market or sell its products or services in direct competition with Plaintiffs' products and services constitutes unfair competition pursuant to 15 U.S.C. section 1125, subdivision (a). Defendant's use of Plaintiffs' mark is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

13. By reason of the foregoing acts, the Defendant is liable for monetary damages to Plaintiffs for trademark infringement under 15 U.S.C. section 1114 and should be enjoined from further violations pursuant to 15 U.S.C. section 1116.

## VI

### THIRD CAUSE OF ACTION AGAINST THE DEFENDANT; FOR INJUNCTIVE RELIEF AND DAMAGES FOR FALSE DESCRIPTION OF GOODS UNDER SECTION 43 OF THE LANHAM ACT; 15 U.S.C. SECTIONS 1116 AND 1125, SUBDIVISION (A).

14. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically

pleaded herein, the allegations of paragraphs 1 through 13.

**15.** Defendant's wrongful use of Plaintiffs' mark is such a colorable imitation and copy of Plaintiffs' trademark established in the disposable wipe market for consumer products that Defendant's use thereof in the context of personal hygiene is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiffs' products, or to deceive consumers as to the origin, sponsorship or approval by Plaintiffs of Defendant's counterfeit products.

**16.** Plaintiffs allege that Defendant's use of the mark "BETTER TOGETHER" comprises a false description or representation of Defendant's business or products under 15 U.S.C. section 1125, subdivision (a), of the Lanham Act.

**17.** By reason of the foregoing acts, Defendant is liable for monetary damages to Plaintiffs for trademark infringement under 15 U.S.C. section 1114 and should be enjoined from further violations pursuant to 15 U.S. C. Section 1116.

## VII

**FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

**18.** Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 17.

**19.** Plaintiffs allege that Defendant's wrongful use of Plaintiffs' trademark as described above creates consumer confusion and a likelihood of injury to Plaintiffs' business reputation. These acts constitute unfair competition in violation of California Business and Professions Code section 17200.

**21.** By reason of the foregoing acts, Defendant is liable for monetary damages and should be enjoined from further violations.

Complaint for Damages and
Injunctive Relief for Violation
of the Lanham Act                                     5

## VIII

### FIFTH CAUSE OF ACTION AGAINST THE DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17500

22. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 21.

23. The acts described above constitute unfair competition in violation of California Business and Professions Code section 17500.

24. By reason of the foregoing acts, Defendant is liable for monetary damages and should be enjoined from further violations.

## IX

### FIFTH CAUSE OF ACTION AGAINST THE DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 14245 AND 14250

25. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

26. The acts described above constitute a violation of California Business and Professions Code section 17245.

27. By reason of the foregoing acts, Defendant is liable for monetary damages and should be enjoined from further violations pursuant to Business and Professions Code section 14250.

**WHEREFORE,** Plaintiffs pray judgment against Defendant as follows:

**For Injunctive Relief:** That Defendant Kimberly Clark Corporation and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from defendant, and each of them, be

Complaint for Damages and
Injunctive Relief for Violation
of the Lanham Act                                      6

preliminarily and permanently enjoined from:

**A.** Using Plaintiffs' trademark depicted in Exhibit A, or any colorable imitation thereof;

**B.** Using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiffs' trademark "Better Together," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiffs' products or their connectedness to Defendants.

**C.** The defendant be required to file with the court and serve on Plaintiffs within 30 days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

**For monetary damages as follows:**

**D.** That, pursuant to 15 U.S.C. section 1117, Defendant be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein including the Defendant's profits from the sale of products by, through, and with the trademark "BETTER TOGETHER";

**E.** For treble damages pursuant to 15 U.S.C. section 1117, subdivisions (a) and (b);

**F.** That, pursuant to 15 U.S.C. section 1117, Defendants be compelled to account to Plaintiffs for any and all profits derived by it from its illegal acts complained of herein;

**G.** That the Defendants be ordered pursuant to 15 U.S.C. section 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody, or under the control of Defendants bearing a trademark found to infringe on Plaintiffs' rights, as well as all plates, matrices, molds, dies, masters and other means of making the same;

**H.** That the court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. section 1117.

**I.** That the Court grant Plaintiffs any other remedy to which they may be entitled as

Complaint for Damages and
Injunctive Relief for Violation
of the Lanham Act                              7

provided for in 15 U.S.C. sections 1116 and 1117, or under state law; and,

**J.** For such other and further relief as the Court deems just and proper.

Dated: June 9, 2017

*John L. Staley*
John L. Staley
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable before a jury.

Dated: June 9, 2017

*John L. Staley*
John L. Staley
Attorney for Plaintiffs

Complaint for Damages and Injunctive Relief for Violation of the Lanham Act