UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW YAROS, an individual; DUO, LLC, a Delaware Limited Liability Company d/b/a Trio Hygiene Systems, LLC., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY CLARK CORPORATION, Delaware Corporation, <br><br> Defendant. | Case No.: 17cv1159-GPC(BGS) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Dkt. No. 17.] |

Before the Court is Defendant's motion to dismiss for failure to state a claim. (Dkt. No. 17.) Plaintiff filed an opposition on March 1, 2018, and a reply was filed on March 16, 2018. (Dkt. Nos. 24, 26.) Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

**Background**

On June 9, 2017, Plaintiffs Andrew Yaros ("Yaros") and Duo, LLC (collectively "Plaintiffs") filed a complaint against Defendant Kimberly Clark Corporation ("Defendant") for trademark infringement of Plaintiff's registered mark, "Better

1

Together" and related state law causes of action. (Dkt. No. 1, Compl.) On October 10, 2017, Plaintiffs filed a first amended complaint ("FAC"). (Dkt. No. 7, FAC.)

Plaintiff Yaros is the sole owner of Duo, LLC dba Trio Hygiene Systems, LLC. (Id. ¶ 5.) In 2009, Yaros developed a prototype of a combination wipe/toilet paper dispensing system. (Id. ¶ 7.) "The dispensing system consists of a plastic delivery system and a canister which contains wipes. The canister is inserted into the twist and lock portion of the dispensing system." (Id.)

Yaros created the mark "Better Together" during 2009 and the mark was licensed to Duo, LLC with a licensing date of December 1, 2011. (Id. ¶ 8.) On June 7, 2013, Yaros filed a federal application for a registered trademark asserting a date of first use of December 2, 2011. (Id.) On January 14, 2014, the United States Patent and Trademark Office ("USPTO") granted Yaros registration number 4,466,177, serial number 85-954,310 for the words and mark "Better Together" for "disposable wipes impregnated with cleansing chemicals or compounds for personal hygiene; wipes impregnated with a cleaning preparation; and wipes impregnated with a skin cleanser, in Class 3 . . . ." (Id.; Dkt. No. 7-1, Ex. C.) According to the FAC, no later than February 2013, Plaintiffs distributed and offered for sale disposable wipes throughout the country accompanied with the mark "BETTER TOGETHER HYGIENE SYSTEMS™," on its canister labels and the installation instructions. (Dkt. No. 7, FAC ¶ 8.)

In June 2013, at the International World of Wipes Conference, Uday Raval ("Raval"), a Senior Research Scientist at Kimberly Clark Professional Division, stopped by Duo LLC's booth and signed up to receive a sample of the Trio[1] starter set. (Id. ¶ 8.13.) Plaintiffs believe that Defendant started using the phrase "Better Together" in its marketing literature shortly after the conference. (Id.) In July 2013, Yaros provided Raval with a starter set. (Id.) Plaintiffs allege that Defendant has been wrongfully using

---

[1] It appears that Trio is referring to the "Trio – Better Together™ Hygiene Systems." (Dkt. No. 7-1 at 12.)

their trademark "Better Together" and the wrongful use is likely to cause public confusion, mistake, and deception concerning the identity and origin of Plaintiffs' goods. (Id. ¶ 10.)

The FAC alleges seven causes of action for (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) false description of goods, 15 U.S.C. § 1125(a); (4) unfair competition in violation of California Business and Professions Code section 17200; (5) unfair competition under California Business and Professions Code section 17500; (6) unfair competition under California Business and Professions Code sections 14245 and 14250; and (7) use of counterfeit mark, 15 U.S.C. § 1114.

## Discussion

**A.     Federal Rule of Civil Procedure 12(b)(b)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B.    First, Second and Third Causes of Action – Lanham Act Violations, 15 U.S.C. §§ 1114, 1125**

The first three causes of action in the FAC assert trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125, and false description of goods pursuant to 15 U.S.C. § 1125. (Dkt. No. 7, FAC ¶¶ 9-18.)

The Lanham Act provides "national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 198 (1985). To prevail on a claim of trademark infringement, Plaintiff must prove "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citation omitted); 15 U.S.C. § 1114. To prevail on claims of false designation of origin and false description of goods "a plaintiff must prove that defendant used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, [false or misleading description of fact] which is likely to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval, of defendant's goods by plaintiff." Phillip Morris USA Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1072 n. 6 (C.D. Cal. 2004) (citing Brookfield Comm'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 n. 6 (9th Cir. 1999)); 15 U.S.C. § 1125.

Both trademark infringement under 15 U.S.C. § 1114 and false designation of origin and false description of goods under 15 U.S.C. § 1125(a) require a showing that

4

the "public is likely to be deceived or confused by the similarity of the marks." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979)); Slep-Tone Entm't Corp. v. Wired for Sound Karaoke and DJ Servs., LLC, 845 F.3d 1246, 1249 (9th Cir. 2017) (same).

"The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Entrepreneur Medica, Inc. v. Smith, 279 F.3d 1135, 1140 (9th Cir. 2002). Under Sleekcraft, the court analyzes likelihood of confusion by looking at eight factors: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) degree of care likely to be exercised by the consumer; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792, 810 n.19 (9th Cir. 2003).

In its motion, Defendant only challenges whether Plaintiffs have shown a likelihood of consumer confusion arguing that Plaintiffs have merely asserted a "formulaic recitation" of this element of trademark infringement without any facts to support the claims. In response, Plaintiffs argue that the question of likelihood of consumer confusion is a question of fact not amenable to a dismissal on a motion to dismiss.

The FAC asserts that "Plaintiffs allege and believe the Defendant started using the phrase, 'Better Together,' in its marketing literature sometime shortly after the June 2013, World of Wipes competition. During July 2013, YAROS provided Uday [an employee of Defendant] a starter set." (Dkt. No. 7, FAC ¶ 8.13.) "To plaintiffs knowledge the Defendant has been selling disposable wipes using the trademark "BETTER TOGETHER" since June 28, 2013. This wrongful use of the trademark "BETTER TOGETHER" comprises an infringement of Plaintiffs' registered trademark

5

17cv1159-GPC(BGS)

"BETTER TOGETHER" and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiffs' goods, and cause irreparable harm to Plaintiffs for which there is no adequate remedy at law." (Id. ¶ 10; see also ¶¶ 13, 16.)

The Court agrees with Defendant that Plaintiffs have merely asserted a recitation of an element of trademark infringement and have not provided any facts to plausibly state an allegation that the public is likely to be confused by the marketing of Defendant's product. In fact, Plaintiffs do not even specify which of Defendant's products is utilizing their trademark and which product is likely to cause consumer confusion. See McCall's Country Canning, Inc. v. Paula Deen Enters., LLC, Case No. 09cv952-LAB(BLM), 2010 WL 11508996, at *2 (S.D. Cal. Feb. 8, 2010) (granting motion to dismiss with leave to amend for failure to allege any facts to plausibly allege trademark infringement and mere allegation that "consumers are likely to mistake a defendant's goods for plaintiff's goods is insufficient to survive a motion to dismiss").

Based on the lack of any facts to support a likelihood of consumer confusion, the Court GRANTS Defendant's motion to dismiss the first, second and third claims for violations of 15 U.S.C. §§ 1114 and 1125(a). [2]

Defendant also raises additional arguments seeking to dismiss the FAC with prejudice. However, these arguments are not proper on a motion to dismiss as they all require the Court to consider and weigh facts outside the FAC and are addressed as follows.

/ / / /

---

[2] Defendant also goes further and improperly asks this Court to dismiss the FAC because Plaintiffs have failed to demonstrate actual consumer confusion as opposed to facts sufficient to plausibly allege likelihood of consumer confusion. The cases cited by Defendant in support, (Dkt. No. 17-1 at 19), were rulings on a motion for preliminary injunction and a motion for summary judgment where facts outside the complaint were considered. See Brookfield Comm'ns., Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1050 (9th Cir. 1999) (motion for preliminary injunction); Matrix Motor Co., Inc. v. Toyoga Jidosha Kabushiki Kaisha, 290 F. Supp. 2d 1083, 1093 (C.D. Cal. 2003) (summary judgment). Contrary to Defendant's claim, Plaintiffs do not have to demonstrate actual instances of confusion at this stage of the proceedings.

### 1. Fraud on the PTO

Defendant moves to dismiss the FAC with prejudice arguing that Plaintiffs committed fraud on the USPTO because Yaros made a materially false representation to the PTO. According to Defendant, on the trademark application, Yaros asserted "first use" on December 2, 2011; however, according to the FAC, Plaintiffs' "first use" was actually February 13, 2013 when Plaintiffs first offered the product for sale. In response, Plaintiffs argue that there is only one "first use" allegation of December 2, 2011 in the FAC and that it is possible to use a mark in commerce without distributing the product for sale.

The trademark registration states "FIRST USE 12-2-2011; IN COMMERCE 12-2-2011".[3] (Dkt. No. 7-1, FAC, Ex. C at 9.) Similarly, the FAC alleges that on Yaros' federal application for the mark, he listed the date of first use as December 2, 2011. (Dkt. No. 7, FAC ¶ 8.) The FAC also claims that no later than February 13, 2013, Plaintiffs "distributed and offered for sale disposable wipes throughout the country accompanied with the mark, 'BETTER TOGETHER HYGIENE SYSTEMS™' on its canister labels and on the installation instructions." (Id.)

"It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996), cert denied, 521 U.S. 1103 (1997).

Fraud on the PTO may result in cancellation of the trademark's registration. 15 U.S.C. § 1064. In making a determination whether there is fraud to support cancellation, there must be evidence of "(1) a false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the registrant's intent

---

[3] The Court may consider documents attached to the FAC when ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

to induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5) damages proximately caused by that reliance." Hokto Kinoko Co. v. Concort Farms, Inc., 738 F.3d 1085, 1097 (9th Cir. 2013) (citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1444 (9th Cir. 1990) (ruling on summary judgment)). Demonstrating cancellation is a heavy burden to bear. Id.

The first element on a claim of fraud on the PTO is a material misrepresentation in the affidavit of the application and the Ninth Circuit has concluded that the "date of first use is not a material allegation as long as the first use in fact preceded the application date." Pony Express Courier Corp. of America v. Pony Express Delivery Serv., 872 F.2d 317, 318 (9th Cir. 1989); see also Angel Flight of Georgia, Inc. v. Angel Flight America, Inc., 522 F.3d 1200, 1209 (11th Cir. 2008) (internal quotation marks and citations omitted) ("A misstatement of the date of first use in the application is not fatal to the securing of a valid registration as long as there has been valid use of the mark prior to the filing date."). Here, it is not clear whether the first element of a claim of fraud has been met.

Moreover, the second and third elements of demonstrating fraud on the PTO require factual determinations of Yaros' knowledge about the representation and his intent which is not proper at this early stage of the proceedings. Defendant has not demonstrated it can prevail on all elements of fraud on the PTO. Therefore, the Court declines Defendant's request for the Court to find that Yaros committed fraud on the USPTO to warrant a dismissal of the case with prejudice.

### 2. Fair Use Defense

Defendant argues that the trademark claims fail because Plaintiffs have not sufficiently alleged facts its alleged use of "Better Together" was not a permissible "fair use" under 15 U.S.C. § 1115(b)(4). Defendant also argues that the trademark claims fail because it did not use the phrase "Better Together" as a trademark but merely used to describe its product. Plaintiffs disagree arguing this is an issue not appropriate on a motion to dismiss.

Fair use is an affirmative defense, where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b)(4). Under the fair use defense, "[t]he use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin . . . of the product." William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 536, 529 (1924). This defense is codified in the Lanham Act. Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1039 (9th Cir. 2010). The fair use defense requires an inquiry into the subjective good faith of the alleged infringer. Id.; Lenz v. Universal Music Corp., 815 F.3d 1145, 1154 (9th Cir. 2015) (jury question whether defendant's actions were sufficient to form a subject good faith belief about the video's fair use).

Moreover, the "use of the trademark does not imply sponsorship or endorsement of the product because the mark is used only to describe the thing, rather than to identify its source." New Kids on the Block v. News America Pub., Inc., 971 F.2d 302, 306 (9th Cir. 1992) (nominative fair use). "Such nominative use of a mark—where the only word reasonably available to describe a particular thing is pressed into service—lies outside the strictures of trademark law." Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc., 326 F.3d 687, 695 (6th Cir.2003) ("If defendants are only using [plaintiff's] trademark in a 'non-trademark' way—that is, in a way that does not identify the source of a product—then trademark infringement and false designation of origin laws do not apply.").

Here, in its moving brief, Defendant includes an advertising picture of its product with the heading "Cottonelle Toilet Paper and Flushable Cleansing Cloths-Better Together." (Dkt. No. 17-1 at 9.) Plaintiff's Trio product's label's states, "Trio" in large font with "Better Together Hygiene Systems™" right below in smaller font. (Dkt. No. 7-1, FAC, Ex. F at 22.) Defendant's product of a toilet paper and cleansing cloth is similar

to Plaintiff's Trio product and uses the same phrase "Better Together." The Court cannot definitively conclude that Defendant's use of "Better Together" is descriptive as opposed to an attempt to sponsor or endorse Plaintiffs' mark. Moreover, Defendant asks the Court to rule on a defense that requires a factual inquiry into the subject good faith of the alleged infringer. See Fortune Dynamic, Inc., 618 F.3d at 1039. Thus, the Court declines to dismiss this case with prejudice based on these arguments.

**C.  Fourth, Fifth and Sixth Causes of Action – State Law Unfair Competition Causes of Action**

Defendant summarily argues that because all state law claims are dependent on the viability of the federal claims, and the complaint fails to state any federal cause of action, the Court should grant the motion on the related state law causes of action. Plaintiffs opposes. Here, the state law unfair competition causes of action are based on the same allegations as the Lanham Act claims. (Dkt. No. 7, FAC ¶¶ 19-27.) Therefore, because the Court grants the motion to dismiss on the Lanham Act claims, the Court also GRANTS Defendant's motion to dismiss the state law claims based on the same facts. See Japan Telecom, Inc. v. Japan Telecom America, Inc., 287 F.3d 866, 876 (9th Cir. 2002) (California unfair competition claim fails because the related Lanham Act claims fail).

**D.  Seventh Cause of Action – Use of Counterfeit Mark**

The FAC alleges trademark infringement involving use of counterfeit mark. (Dkt. No. 7, FAC ¶¶ 29-30.) Defendant argues that this cause of action is frivolous on its face and Plaintiffs cannot allege anything more than a descriptive textual use of a common phrase. Plaintiffs do not oppose the motion on this claim. (Dkt. No. 24 at 16.)

A trademark counterfeiting cause of action prohibits the use of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . of any goods . . . [where] such use is likely to cause confusion . . . or to deceive." 15 U.S.C. § 1114(1)(a). Because Plaintiffs do not oppose the motion, the Court GRANTS Defendant's motion to dismiss the seventh claim for counterfeit mark. See Local Civ. R.

7.1(f)(3)(b) ("[t]he opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant . . . .").

**E.     Leave to Amend**

In the event the Court grants the motion to dismiss, Plaintiffs request permission to file a second amended complaint. Because Plaintiffs may cure the deficiencies alleged in the FAC, the Court GRANTS Plaintiffs leave of Court to file a second amended complaint. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)) ("leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").

## Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss the FAC with leave to amend. Plaintiffs shall file a second amended complaint on or before April 27, 2018. The hearing set for April 13, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated: April 11, 2018

Hon. Gonzalo P. Curiel
United States District Judge