UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW YAROS, an individual; DUO, LLC, a Delaware Limited Liability Company d/b/a Trio Hygiene Systems, LLC., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY CLARK CORPORATION, Delaware Corporation, <br><br> Defendant. | Case No.: 17cv1159-GPC(BGS) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> **[Dkt. No. 33.]** |

Before the Court is Defendant's motion to dismiss the second amended complaint for failure to state a claim. (Dkt. No. 33.) Plaintiffs filed an opposition on July 12, 2018, and a reply was filed on July 23, 2018. (Dkt. Nos. 34, 36.) Based on the reasoning below, the Court DENIES Defendant's motion to dismiss.

## Background

On June 9, 2017, Plaintiffs Andrew Yaros ("Yaros") and Duo, LLC (collectively "Plaintiffs") filed a complaint against Defendant Kimberly Clark Corporation ("Defendant") for trademark infringement of Plaintiff's registered mark, "Better Together" and related state law causes of action. (Dkt. No. 1, Compl.) On October 10,

2017, Plaintiffs filed a first amended complaint ("FAC"). (Dkt. No. 7, FAC.) Pursuant to the Court's order granting Defendant's motion to dismiss with leave to amend, Plaintiffs filed a second amended complaint ("SAC"). (Dkt. Nos. 28, 29.)

Plaintiff Yaros is the sole owner of Duo, LLC dba Trio Hygiene Systems, LLC. (Dkt. No. 29, SAC ¶ 5.) In 2009, Yaros developed a prototype of a combination wipe/toilet paper dispensing system. (Id. ¶ 7.) "The Dispensing System consists of a delivery system and a canister which contains wipes. The canister is inserted into the twist and lock portion of the Dispensing System." (Id.)

Yaros created the mark "Better Together" during 2009 and the mark was licensed to Duo, LLC with a licensing date of December 1, 2011. (Id. ¶ 8.) On June 7, 2013, Yaros filed a federal application for a registered trademark asserting a date of first use of December 2, 2011. (Id.) On January 14, 2014, the United States Patent and Trademark Office ("USPTO") granted Yaros registration number 4,466,177, serial number 85-954,310 for the words and mark "Better Together" for "disposable wipes impregnated with cleansing chemicals or compounds for personal hygiene; wipes impregnated with a cleaning preparation; and wipes impregnated with a skin cleanser, in Class 3 . . . ." (Id.; Dkt. No. 29-1, Ex. C.) According to the SAC, no later than February 2013, Plaintiffs distributed and offered for sale disposable wipes throughout the country accompanied with the mark "BETTER TOGETHER HYGIENE SYSTEMS™," on its canister labels and on the installation instructions. (Dkt. No. 29, SAC ¶ 8.)

In June 2013, at the International World of Wipes Conference, Uday Raval ("Raval"), a Senior Research Scientist at Kimberly Clark Professional Division, stopped by Duo LLC's booth and signed up to receive a sample of the Trio starter set. (Id. ¶ 8.13.) Plaintiffs believe that Defendant started using the phrase "Better Together" in its marketing literature shortly after the conference. (Id.) In July 2013, Yaros provided Raval with a starter set. (Id.) Plaintiffs allege that Defendant has been wrongfully using their trademark "Better Together" and the wrongful use is likely to cause public

2

confusion, mistake, and deception concerning the identity and origin of Plaintiffs' goods. (Id. ¶ 10.)

The SAC alleges three causes of action under the Lanham Act for (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) false description of goods, 15 U.S.C. § 1125(a). It also asserts three state law causes for (1) unfair competition in violation of California Business and Professions Code section 17200; (2) unfair competition under California Business and Professions Code section 17500; and (3) unfair competition under California Business and Professions Code sections 14245 and 14250.

## Discussion

**A.  Federal Rule of Civil Procedure 12(b)(b)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

3

Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B.     Non-Trademark Use**

As a threshold issue, Defendant argues that dismissal is appropriate at the pleading stage based on the exhibits attached to the SAC because it has never used "Better Together" as a source identifier by adopting packaging or advertising similar to Plaintiffs or by persuading the consumer that its products are associated with Plaintiffs in any way; therefore, trademark law does not even apply. Plaintiffs argue that the cases Defendant cites in support are distinguishable.

In support of its argument, Defendant cites to the Sixth Circuit cases of Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 610-11 (6th Cir. 2009) and Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc., 326 F.3d 687, 695 (6th Cir. 2003). In Hensley, the Sixth Circuit affirmed the district court's dismissal on a motion to dismiss. Hensley Mfg., 579 F.3d at 614. The plaintiff and the defendant manufactured and sold trailer hitchers for RVs designed by the well-known Jim Hensley. Id. at 606. The plaintiff had purchased the trailer hitch business of Jim Hensley who was an inventor and designer of trailer hitches and sold trailer hitches under the name of "Hensley Arrow" or "Arrow". Id. at 607. The plaintiff also registered a trademark in the name "Hensley." Id. A former employee of the plaintiff left and formed ProPride, the defendant. Id. Hensley also split with the plaintiff, designed a new trailer hitch and licensed the design to ProPride. Id. ProPride marketed its hitch as "ProPride Pivot Point Projection Hitch" or "3P Hitch." Id. The plaintiff filed suit claiming that the defendant's use of Jim Hensley's name in its advertising material is likely to confuse consumers and infringes on its registered "Hensley" trademark. Id.

The district court held the allegations in the complaint did not show that the defendant's use of the "Hensley" name creates a likelihood of confusion as to the source

4

of its products. Id. at 610. The complaint did not claim that the defendant used the trademark "Hensley" as the name of its product but that defendant's used Hensley's name in connection with advertising its "3P Hitch" product. Id. at 611. The print advertising specifically states that Hensley is "no longer affiliated with Hensley Mfg., Inc." Id. at 611. The advertisements clearly identified the defendant was the source of the product and there was no confusion as to the source of the product. Id.

In addition, the Sixth Circuit held that fair use defense applied as a matter of law. Id. at 612. The defendant's advertisements did not use the name "Hensley" in the trademark sense; Jim Hensley's name was used only to identify him as a designer of trailer hitches, describe his relationship to the defendant, and tell the story behind his success. Id. The court explained that the fair use defense applied as a matter of law because the complaint and attached exhibits showed the defendant used Jim Hensley's name descriptively, and the plaintiff did not allege facts from which any inference of bad faith could be drawn. Id.

In Interactive, the Sixth Circuit concluded, on review of district court's grant of summary judgment, that it was not necessary for the district court to analyze the eight factors traditionally used to determine likelihood of confusion because the case did not involve two source-signifying marks. 326 F.3d at 698. Because the defendant's product trademark was not similar to plaintiff's product trademark and the challenge was not the use of the trademark but the presence of the plaintiff's trademark in the URL post-domain path of the web page, trademark law did not apply. Id. at 695. The court concluded, "[i]f defendants are only using [plaintiff's] trademark in a 'non-trademark' way-that is, in a way that does not identify the source of a product-then trademark and false designation of origin laws do not apply." Id. at 695. Interactive considered an issue of first impression of "whether the presence of another's trademark in the post-domain path[1] of a URL

---

[1] The Sixth Circuit explained that "[a] post-domain path (e.g., /desks/floor/laptraveler/dkfl-lt.htm) merely shows how a website's data is organized within the host computer's files." Id. at 691

5

violates trademark law." Id. at 696. Because the court concluded that post-domain paths do not typically signify source, "it was unnecessary for the district court to examine the eight factors traditionally used to determine likelihood of confusion between two source-signifying marks. Id.

These two Sixth Circuit cases are distinct and not applicable to the facts of this case. Here, the SAC alleges that Defendant's "Better Together" is likely to cause confusion, mistake and deception to the public concerning the identity and origin of plaintiffs' goods. (Dkt. No. 29, SAC ¶ 10.) Defendant maintains a website where it sells flushable wipes and toilet paper and uses the phrase "Better Together" to promote the sale of both the flushable wipes and toilet paper together. (Id. 11(A).) Plaintiff also sell the flushable wipes as well as the dispensing system for the wipes and toilet paper. (Id. ¶ 11(B).) Defendant is using the trademark to sell products similar to Plaintiffs' products. (Id.) Defendant intentionally copied Plaintiffs' mark and used it for its own purposes. (Id. ¶ 11(C).)

Here, the products, combination toilet paper and flushable wipes, are similar and the phrase used by both parties are identical. Defendant argues that the exhibits show that it never used "Better Together" as a source-identifier. The Court disagrees. As discussed in more detail below, while some of the documents attached to the SAC may show Defendant did not use "Better Together" as a source-identifier, one document, Exhibit L, from Defendant's website plausibly shows that Defendant may have used "Better Together" as a source-identifier. (See Dkt. No. 29-1, SAC, Ex. L at 52[2].) The Court DENIES Defendant's motion to dismiss as a matter of law based solely on its argument that it did not use "Better Together" as a source-identifier. Plaintiffs have plausibly alleged that Defendant is using "Better Together" as a source-identifying mark.

---

[2] Page numbers are based on the CM/ECF pagination.

6

## C. Likelihood of Confusion[3]

Defendant next seeks dismissal of the Lanham Act causes of action arguing that as a matter of law, Plaintiffs cannot demonstrate that the use of "Better Together" is likely to cause consumer confusion. Plaintiffs oppose asserting that on a motion to dismiss they do not have to prove that there is likely to be consumer confusion but only requires them to plausibly allege facts to support likelihood of consumer confusion.

The first three causes of action in the SAC assert trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125, and false description of goods pursuant to 15 U.S.C. § 1125. (Dkt. No. 29, SAC ¶¶ 9-19.)

A trademark is "any word, name, symbol, or device . . . used by a person . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. The Lanham Act provides "national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 198 (1985).

---

[3] As part of its initial threshold argument that dismissal is appropriate at this stage, Defendant also argues that the SAC is deficient because the attached exhibits show that the accused communications clearly identify Defendant's own Cottonelle® mark and therefore there is no likelihood of consumer confusion. Plaintiffs disagree. It is well-established that the presence of a prominent housemark may negate the likelihood of confusion even if the marks are similar. See Cohn v. Petsmart, 281 F.3d 837, 842 (9th Cir. 2002) (summary judgment in favor of defendant where there no confusion where distinctive house mark displayed and accused mark used as "tagline"); Walter v. Mattel, Inc., 210 F.3d 1108, 1111 (9th Cir. 2000) (after bench trial, the court explained there was no confusion in light of dissimilarity between products and defendant's prominently displayed house mark); Lindy Pen Co. v. Bic Pen Corp., 725 F.3d 1240, 1245 (9th Cir. 1984) (after bench trial court held that similarity of identical marks negated by prominent display of house marks on products). However, binding Ninth Circuit authority considers the prominence of a house mark as one of the factors the court considers in determining a likelihood of consumer confusion under AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) which has been considered on summary judgment or at trial. Therefore, Ninth Circuit precedent does not support Defendant's argument seeking dismissal at the pleading stage.

Trademark infringement under 15 U.S.C. § 1114 and false designation of origin and false description of goods under 15 U.S.C. § 1125(a) require a showing that the "public is likely to be deceived or confused by the similarity of the marks." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979)); Slep-Tone Entm't Corp. v. Wired for Sound Karaoke and DJ Servs., LLC, 845 F.3d 1246, 1249 (9th Cir. 2017) (same). "The confusion must be probable, not simply a possibility." Murray v. Cable Nat'l Broadcasting Co., 86 F.3d 858, 860 (9th Cir. 1996) (internal quotation marks omitted).

"The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Entrepreneur Medica, Inc. v. Smith, 279 F.3d 1135, 1140 (9th Cir. 2002). To determine whether a defendant's use of a mark is likely to confuse consumers, courts look to the eight Sleekcraft factors: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) degree of care likely to be exercised by the consumer; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792, 810 n.19 (9th Cir. 2003).

The Ninth Circuit in Sleekcraft explained, "[w]hen the goods produced by the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar that confusion can be expected. When the goods are related, but not competitive, several other factors are added to the calculus. If the goods are totally unrelated, there can be no infringement because confusion is unlikely." Id. at 348.

Under Sleekcraft, when goods are not related, dismissal is appropriate at the pleading stage. See id.; see also Murray, 86 F.3d at 860-61 (affirming district court dismissal concluding no likelihood of confusion as a matter of law because the parties'

services were unrelated); Robinson v. Hunger Free America, Inc., 18cv42-LJO, BAM, 2018 WL 1305722, at *3 (E.D. Cal. Mar. 13, 2018) (granting motion to dismiss because types of goods were dissimilar and design of "Hunger Free America" were different). While likelihood of confusion can be decided as a matter of law, "[w]hether confusion is likely is a factual determination woven into the law" that courts "routinely treat . . . as [an issue] of fact." Parts.com, LLC v. Yahoo! Inc., 996 F. Supp. 2d 933, 936 (S.D. Cal. 2013) (quoting Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1356 (9 Cir. 1985)).

In Murray, the Ninth Circuit affirmed the district court's Rule 12(b)(6) dismissal concluding that the parties' services were unrelated and thus, there was no likelihood of confusion. 86 F.3d at 861. The plaintiff's trademark for "America Speaks" was used for his "man-on-the-street" market research business for use in television commercial advertising while the defendant CNBC provided a talk-show television program entitled "America's Talking" to cable television viewers and also conducted interactive national polling surveys where viewers were allowed to respond to questions by calling telephone numbers and the results were occasionally distributed to the news media. Id. at 859, 861. Based on the allegations in the complaint, the court held that both parties' services were not related and there was no allegation that they shared any of the same customers. Id. at 861. Therefore, as a matter of law, there was no likelihood of confusion. Id.

In Toho Co., Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 790-91 (9th Cir. 1981), the Ninth Circuit affirmed the dismissal of the complaint concluding that the goods were unrelated as a matter of law and therefore, because consumers would not likely be confused as to the source or sponsorship of the garbage bags. Id. at 791. The plaintiff, the owner of the "Godzilla" name which was used to promote movies and merchandise sued the defendant, Sears, alleging that its garbage bags in boxes noting that it is a Sears product and the word "Bagzilla" violated its trademark. Id. at 789. The Ninth Circuit held that the goods were unrelated as a matter of law: "Sears sells garbage bags. Toho produces or sponsors only literary works and toys. Sears uses "BAGZILLA" instead of

"GODZILLA" and puts the Sears name prominently on the package. . . [and] the marketing channels are different." Id. at 790.

Moreover, in Mintz v. Subaru of America, Inc., 716 Fed. App'x 618, 621 (9th Cir. 2017), the Ninth Circuit affirmed the dismissal of the complaint and held that the designs and phrases of the two parties' phrases were facially dissimilar and that they could not plausibly create a likelihood of confusion. The plaintiff's phrase "A World of Love, for You and Those You Love" includes a design with a hand that is circumscribed by a heart and includes an entire body while the defendant's phrase, "Share the Love" includes a design with a hand that radiates blue beams and is not connected to a body. Id. at 621.

Finally, in Robinson, the district court concluded that the plaintiff failed to allege facts showing a plausible likelihood of confusing with the defendant's use of "Hunger Free America." Robinson, 2018 WL 1305722, at *4. The district court noted that the marks were not similar as the plaintiff's "Hunger Free America" is in "green lettering with black and white outlining, below a background of farm rows and vegetables" while the defendant's "Hunger Free America" has a red slash through the word "Hunger." Id. Also, the types of goods as well the consumer they targeted were dissimilar. Id. The plaintiff's consumers would encounter the mark when purchasing a t-shirt but the defendant's consumers would encounter the mark when utilizing hunger-relief programs or engaging in an anti-hunger program sponsored by the defendant. Id. The court concluded that the goods or services that both offer are not related or sold to the same class of purchasers, and have dissimilar uses and functions; therefore, the allegations did not demonstrate that a customer would likely be confused. Id.

These cases, cited by Defendant, demonstrate that a complaint asserting trademark infringement concerning products that are unrelated in the type of goods and services, in the mark design, and/or market to different consumers may be dismissed as a matter of law on a motion to dismiss. In contrast, in this case, the goods, combination toilet paper and flushable wipes, are related, (id. ¶ 11(A)), the phrase, "Better Together" used by both parties are identical, (id. ¶¶ 8. 8.13), and both parties market and advertise to the general

public, (id. ¶¶ 8.10, 10). The Court cannot conclude as a matter of law that there would be no likelihood of confusion as the products are related, the phrase used by both parties are identical and they market to the same consumers. Accordingly, the Court DENIES Defendant's motion to dismiss the three Lanham Act causes of action.

Defendant also moves to dismiss the SAC arguing that Plaintiffs have failed to demonstrate the Sleekcraft factors. It conducts an in-depth analysis as to each of the Sleekcraft factors to demonstrate that Plaintiffs have failed to show that its use of "Better Together" is likely to cause consumer confusion. (Dkt. No. 33-1 at 20-26.) As the Court noted in its prior order, Defendant improperly asks the Court to make a factual determination based on the allegations in the SAC whether there is a likelihood of consumer confusion which is not proper on a Rule 12(b)(6) motion to dismiss. (See Dkt. No. 28 at 6 n.2.) On a motion to dismiss, the Court determines whether the SAC alleges a cause of action for trademark infringement, false designation of origin and false description of goods under Rule 8's pleading standard. Under Rule 8, Plaintiffs need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; see Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sherif's Ass'n, No. CV F 09-1988 LJO SMS, 2010 WL 2218813, at *10 n. 3 (E.D. Cal. June 1, 2010) (on a motion to dismiss, the district court concluded that it "cannot make the factual conclusion at this stage of the proceedings that there was not a likelihood of confusion."). A plaintiff, "is not required to prove the likelihood of confusion at the pleading stage." Visual Changes Skin Care Int'l, Inc. v. Neways, Inc., No. CV F 08–0959 LJO DLB, 2008 WL 4723603, at *4 (E.D. Cal. Oct. 24, 2008).

Throughout its argument, Defendant makes merits based conclusions without the benefit of full discovery and at this stage, it is improper for the Court to weigh the factual allegations to determine whether the Sleekcraft factors have been met. See Mastro's Restaurants LLC v. Dominick Grp LLC, No. CV 11-1996-PHX-PGR, 2012 WL 2091535, at *6 (D. Az. June 11, 2012) (court does not weigh evidence concerning

Sleekcraft factors on motion to dismiss). Accordingly, the Court declines to consider Defendant's merit based arguments.

**D.     Fair Use Defense**

Defendant also argues that the trademark claims fail because Plaintiffs have not sufficiently alleged facts that Defendant's alleged use of the common and descriptive phrase "Better Together" was not a permissible "fair use" under 15 U.S.C. § 1115(b)(4). Plaintiffs contend the Court previously denied Defendant's motion to dismiss on the fair use defense and the issue should not be revisited. Plaintiffs alternatively argue that "Better Together" is a federally registered mark and enjoys a strong presumption trademark protection and that the validity of a trademark is a question of fact.

In its prior order, the Court denied the motion to dismiss on the fair use defense relying on one picture of Defendant's product that was presented in Defendant's brief. (Dkt. No. 28 at 8-9.) Plaintiffs had not attached or submitted any examples of Defendant's online advertising in the FAC or in their opposition papers. In fact, the Court noted that Plaintiffs did not specify which of Defendant's products were utilizing their trademark and which product was likely to cause consumer confusion. (Dkt. No. 28 at 6.)

Now, in the SAC, Plaintiffs attach numerous pictures from Defendant's online advertising of its toilet paper and flushable cleansing cloths using the phrase "Better Together."[4] (Dkt. No. 29, SAC, Exs. K-L at 35-59.) Relying on the exhibits attached to the SAC, Defendant argues that the fair use defense applies as a matter of law. Because Plaintiffs have provided pictures of Defendant's alleged infringement of their trademark, the Court finds it appropriate to reconsider its ruling on the fair use defense.

Fair use defense is an absolute defense to claims of trademark infringement, trademark dilution and false designation of origin. <u>JA Apparel Corp. v. Abboud</u>, 682 F.

---

[4] The Court may consider documents attached to the FAC when ruling on a motion to dismiss. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

Supp. 2d 294, 309 (S.D.N.Y. 2010). The fair use defense "only comes into play once the party alleging infringement has shown by a preponderance of the evidence that confusion is likely." KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 608-09 (9th Cir. 2005) (citation omitted). It is an affirmative defense, where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b)(4). Under the fair use defense, "[t]he use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin . . . of the product." William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 536, 529 (1924). This defense is codified in the Lanham Act. Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1039 (9th Cir. 2010).

"Thus, in order to determine whether the use of a term is 'fair' under this defense, courts endeavor to assess whether the term is used (1) descriptively, (2) other than as a mark, and (3) in good faith." JA Apparel Corp., 682 F. Supp. 2d at 309 (citation omitted). The "degree of customer confusion remains a factor in evaluating fair use." KP Permanent Make-Up, Inc., 408 F.3d at 609 ("Among the relevant factors for consideration by the jury in determining the fairness of the use are the degree of likely confusion, the strength of the trademark, the descriptive nature of the term for the product or service being offered by KP and the availability of alternate descriptive terms, the extent of the use of the term prior to the registration of the trademark, and any differences among the times and contexts in which KP has used the term.").

First, Defendant argues that the exhibits attached to the SAC show that its use of the phrase "Better Together" is otherwise than as a mark. According to Defendant, the website pictures demonstrate that it was using the "Better Together" to describe how its product of toilet paper and wipes work better together and not used or indicate the source of the product. For example, it cites to one picture from its website where the words

"better together" is in small print in the body of the paragraph while "Cottonelle® Fresh Care® Flushable Cleansing Cloths" is in larger print and prominent. (Dkt. No. 29-1, SAC, Ex. K at 47.) Defendant claims that all the exhibits show that it highlighted and featured only its own Cottonelle house mark thereby minimizing the consumer confusion. Second, Defendant contends it is using the phrase in a primary, descriptive sense as the exhibits show the "better together" is used to describe how its products "clean better together." Many of the exhibits show that "Better Together" is used under the product description which highlights the descriptive purpose of its use.

Plaintiffs dispute Defendant's characterization of how "Better Together" is presented on the websites. For example, they argue that in one document, the font size of "Better Together" and "Cottonelle" are the same. (See Dkt. No. 29-1, SAC, Ex. K at 35.) In the phrase, "Cottonelle® Toilet Paper and Flushable Cleansing Cloths-Better Together", the large blue font are the same for Cottonelle® and "Better Together" while the rest of the advertisement is in small gray font. (Id.) The last words the consumer reads is "Better Together" which may attract a customer's attention to associate Cottonelle® with their mark.

A review of the exhibits of the online advertising of Defendant's product, the Court agrees with Defendant that many of the exhibits demonstrate Defendant's use of "Better Together" is descriptive as they are used to describe how toilet paper and Cottonelle's flushable wipes are better together and are not prominent in the ads. (Dkt. No. 29-1, SAC Ex. K at 36-40, 45, 47, 48, 50.) However, Defendant fails to address one exhibit, (see Dkt. No. 29-1, Ex. L at 52), where it appears that Defendant's use of "Better Together" takes it "outside of the realm of descriptive, non-trademark use." See JA Apparel Corp., 682 F. Supp. 2d at 313-14 (certain uses of trademark not descriptive as the words "Joseph Abboud" is similarly eye-catching as the plaintiff's trademark and grabs the viewer's attention). Exhibit L presents the following words on Defendant's website in all white text with a dark background and are next to a picture of Cottonelle's toilet paper and Cottonelle's flushable wipes:



**The Cottonelle® Care Routine**
**Better Together.**

As depicted, "Better Together" is in larger bold font below "The Cottonelle Care Routine" which is in smaller bold font. This plausibly shows that Defendant is not using "Better Together" in a descriptive way as the words are used to capture the consumer's attention by using an attention-grabbing phrase.

Therefore, the Court cannot conclude as a matter of law that the fair use defense applies because Plaintiffs have plausibly alleged that Defendant's use of "Better Together" was not used descriptively and other than as a mark.

The fair use defense also requires an inquiry into the subjective good faith of the alleged infringer. Lenz v. Universal Music Corp., 815 F.3d 1145, 1154 (9th Cir. 2015) (jury question whether defendant's actions were sufficient to form a subject good faith belief about the video's fair use); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010) (noting there was merit to defendant's fair use defense in the context of a motion for summary judgment, but that ultimately, "the question of fair use . . . should be resolved by a jury"). Defendant's argument on good faith is undercut by Exhibit L. Thus, the Court concludes that the fair use defense does not bar Plaintiffs' Lanham Act claims, and DENIES Defendant's motion to dismiss on this claim.

**E.   Fourth, Fifth and Sixth Causes of Action – State Law Unfair Competition Causes of Action**

Defendant summarily argues that all state law claims fail for the same reasons as the federal claims. In response, Plaintiffs argue that the state laws claims should not be dismissed for the same reasons the federal claims should not be dismissed. Here, the

state law unfair competition causes of action are based on the same allegations as the Lanham Act claims. (Dkt. No. 29, SAC ¶¶ 20-28.) Therefore, because the Court denies the motion to dismiss on the Lanham Act claims, and because the parties have not adequately addressed each of the state law claims, the Court DENIES Defendant's motion to dismiss the state law claims.

## Conclusion

Based on the above, the Court DENIES Defendant's motion to dismiss the second amended complaint. The hearing set for August 10, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated: August 6, 2018

Hon. Gonzalo P. Curiel
United States District Judge